IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | | |
|---|---|---|
| **RUSSELL KEITH HILL** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 2:02CV21** |
| | § | |
| **MARVIN BREAZEALE and** | § | |
| **CATHY TATUM** | § | **DEFENDANTS** |

## ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE

THE MATTER BEFORE THE COURT is Plaintiff Russell K. Hill's Motion to Reinstate [100], filed November 7, 2007. Judgment was entered against the Plaintiff on December 15, 2004, which Plaintiff appealed to the Fifth Circuit Court of Appeals. Ct. R. 95. The appellate court affirmed the judgment on September 27, 2006. Ct. R. 98. Plaintiff now requests that the Court reinstate his cause of action pursuant to FED. R. CIV. P. 60(b) because he was "denied the right to have a magistrate preside over his bench trial." Ct. R. 100 p. 4. He contends that this was fraud, preventing him from fully and fairly presenting his case. *Id.*

It is doubtful that the Court has authority to reinstate this action pursuant to Rule 60(b) after the appellate court affirmed dismissal of Hill's complaint. *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 159 (5th Cir. 1990). Even if the Court had such authority, Rule 60(b) does not provide a basis for reinstatement in this case. Hill is required to bring a Rule 60(b) motion within a reasonable time, or if based on fraud, within one year of the judgment.[1] Three years

---

[1]Rule 60(b) provides:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, 1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment

from entry of judgment and after adjudication of an appeal is not "within a reasonable time." The Court finds that Hill has therefore failed to show that his case should be reinstated under FED.R.CIV.P. 60(b).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff Russell Hill's Motion to Reinstate [100], filed November 7, 2007, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 30th day of November, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.